IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK L. NEAMO,  )  <br>    Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> HAROLD W. CLARKE, *et al.*,  ) <br>    Defendants.  ) | Civil Action No. 7:23-cv-00109 <br><br> By: Elizabeth K. Dillon <br>     United States District Judge |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Mark L. Neamo is an inmate in the custody of the Virginia Department of Corrections (VDOC) and is currently incarcerated at River North Correctional Center (River North). He alleges that he is visually and hearing-impaired and that defendants Harold W. Clarke, David Anderson, and Tim Hamm have violated his rights under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the Eighth Amendment by denying him certain accommodations at River North. (Compl., Dkt. No. 1.)

Before the court are three motions for preliminary injunction filed by Neamo. (Dkt. Nos. 4, 15, 23.) For the reasons stated below, these three motions will be denied.[1]

I.  BACKGROUND

In his complaint, Neamo alleges that he has hearing and vision impairments and that he suffers from seizures. (Compl. at 4.) Clarke is the Director of VDOC, Anderson is the Warden of River North, and Hamm is the ADA Coordinator at River North.

Neamo alleges defendants failed to accommodate his disabilities in the following ways: (1) he wants "educational programs for sign language" (Compl. at 5, 9); (2) he wants a caretaker

---

[1] Defendants have also filed a motion to dismiss and a motion to stay discovery. (Dkt. Nos. 17, 26.) These motions will be addressed separately.

(*id.* at 5); (3) he wants a clock, alarm, and 19" television (*id.* at 5, 7–8); and (4) he wants the pod to have flashing alerts and special phones (*id.* at 5–6, 9). In addition to these alleged failures to accommodate, plaintiff alleges that VDOC staff advised him that placing a sign on his cell door indicating that he is hearing impaired is all that River North is required to do under the ADA. (*Id.* at 8.) Neamo further claims that River North is not structurally built to house inmates with hearing/visual impairments because it was remodeled in 2013 without flashing alerts, special phones, or special programs. (*Id.* at 9.)

Neamo brings three motions for preliminary injunction. In the first, he asserts without support that River North is "continuously" violating his rights under the ADA, Rehabilitation Act, and Eighth Amendment. (Dkt. No. 4 at 1.) He states that he fears retaliation from River North and the VDOC and requests a transfer to Lawrenceville Correctional Center, the "only privately owned and operated correctional center in the State of Virginia." (*Id.* at 3.)

In his second preliminary injunction motion,[2] Neamo again asserts that he fears retaliation, stating that he feels "as if my safety is in danger in what is a well known hostile institution in the State of Virginia." (Dkt. No. 15 at 3.) He asks for an injunction preventing acts of intimidation, threats, unwanted searches of his cell, and a refusal to allow access to proper telecommunication methods. (*Id.*) He also complains about being denied a transfer to the correct security level, the refusal of single cell status, and not being allowed the opportunity to purchase special hearing/visually impaired items that can be purchased at other VDOC facilities. (*Id.* at 3–5.)

In his third motion for a preliminary injunction, Neamo alleges that on April 29, 2023, Officer Bemis and Lieutenant Brown (non-parties) denied him the opportunity to make "ADA

---

[2] Although docketed as a motion, Neamo's second motion for preliminary injunction is actually submitted as a proposed order that would grant Neamo's requested relief. (*See* Dkt. No. 15.)

phone calls" to his loved ones during and after recreation. (Dkt. No. 23 at 4–5.) He asserts that River North fails to provide specialized telephones for hearing-impaired inmates in violation of the ADA and Rehabilitation Act. Further, Neamo alleges that, despite notifying ADA Coordinator Hamm of the denial of telephone calls to his loved ones "after each recreational period," "nothing has been done to correct this violation of his constitutional right." (*Id.* at 6–7, 12.) Plaintiff claims that not being allowed telephone calls after recreation is causing him mental and emotional pain because he suffers from seizures, depression, and suicidal thoughts. (*Id.* at 8, 13.)

Neamo requests a transfer to another facility capable of providing him with appropriate accommodations. (*Id.* at 7–8.) He seeks a temporary restraining order requiring defendants "to arrange for an examination and plan of treatment by a qualified ADA coordinator specialist," and a preliminary injunction ordering defendants to execute the plan of treatment. (*Id.* at 9–10.)

## II.  ANALYSIS

### A. Preliminary Injunction Standards

Overall, a preliminary injunction is an "extraordinary remedy involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). *See also Direx Israel, Ltd. V. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559

U.S. 1089 (2010); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014).

The party seeking the injunction must make a "clear showing" that it is likely to succeed on the merits and that it is likely to be irreparably harmed if preliminary relief is denied. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345. Critically, the movant must satisfy all four requirements to obtain preliminary injunctive relief. *Real Truth*, 575 F.3d at 345-46. Moreover, when analyzing the irreparable harm element, the court inquires whether the plaintiff is suffering actual and imminent harm, and whether that harm is truly irreparable, or whether it can be remedied at a later time with money damages. *Prysmian Cables & Sys. USA, LLC v. Szymanski*, 573 F. Supp. 3d 1021, 1034 (D.S.C. 2021); *see also Direx Israel, Ltd.*, 952 F.2d at 812 (harm must be actual and imminent).

Also important here, a preliminary injunction is not appropriate if the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). Furthermore, the court may not grant an injunction against non-defendants, except in very limited circumstances. *Cf.* Fed. R. Civ. P. 65.

Neamo fails to state sufficient facts to make a clear showing that he is likely to succeed on the merits or that he will be irreparably harmed. His first and second motions merely note that he fears retaliation. He has failed to allege any facts indicating that retaliation has occurred, or is about to occur, or that any such retaliation places him in imminent danger. He merely speculates that retaliation may occur and that he fears retaliation.

His third motion asserts actions by non-parties that deprived him of telephone calls. He then asserts that defendant Hamm failed to remedy the actions of the non-parties. In the same manner as his first two motions, Neamo has failed to make a clear showing that he is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of immediate relief. The two persons that allegedly deprived him of telephone calls are not parties, so an injunction will not issue against them, and he fails to show how any deprivation of telephone calls during and after recreation constitutes irreparable harm.

For these reasons, Neamo's preliminary injunction motions will be denied.

### III.  CONCLUSION AND ORDER

For the reasons stated in this memorandum opinion, it is HEREBY ORDERED that plaintiff's motions for a preliminary injunction (Dkt. Nos. 4, 15, and 23) are DENIED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to plaintiff and to all counsel of record.

Entered: September 25, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge