IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK L. NEAMO, ) | |
|     Plaintiff, ) | Civil Action No. 7:23-cv-00109 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, *et al.*, ) |     United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

*Pro se* plaintiff Mark L. Neamo is an inmate within the custody of the Virginia Department of Corrections (VDOC) and who is currently incarcerated at River North Correctional Center (River North). He alleges that he is visually and hearing-impaired and that defendants Harold W. Clarke, David Anderson, and Tim Hamm have violated his rights under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the Eighth Amendment by denying him certain accommodations at River North. (Compl., Dkt. No. 1.)

Before the court is defendants' motion to dismiss and to stay discovery (Dkt. Nos. 17, 26) and plaintiff's motion to appoint counsel (Dkt. No. 16). The motion to appoint counsel will be denied, the motion to dismiss will be granted in part and denied in part, and the motion to stay discovery will be denied as moot.

I.  BACKGROUND

In his complaint, Neamo alleges that he has hearing and vision impairments and that he suffers from seizures. (Compl. at 4.) Clarke is the Director of VDOC, Anderson is the Warden of River North, and Hamm is the ADA Coordinator at River North. Neamo sues the defendants

in their individual and official capacities.  He seeks monetary damages in addition to declaratory and prospective injunctive relief.

Neamo alleges defendants failed to accommodate his disabilities in the following ways: (1) he wants educational programs for sign language (Compl. at 5, 9); (2) he wants a caretaker (*id.* at 5); (3) he wants a clock, alarm, and 19" television (*id.* at 5, 7–8); and (4) he wants the pod to have flashing alerts ands special phones (*id.* at 5–6, 9).  In addition to these alleged failures to accommodate, plaintiff alleges that VDOC staff advised him that placing a sign on his cell door indicating that he is hearing impaired is all that River North is required to do under the ADA.  (*Id.* at 8.)  Neamo further claims that River North is not structurally built to house inmates with hearing/visual impairments because it was remodeled in 2013 without flashing alerts, special phones, or special programs.  (*Id.* at 9.)

## II.  ANALYSIS

### A.  Motion to Appoint Counsel

While there is no constitutional right to appointed counsel in a civil case, the court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971).  The Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993).  The issues presented by this case are not complex.  Also, the court notes that Neamo has demonstrated the ability to adequately litigate this case by bringing this action on his own behalf and by filing motions and responses to defendants' filings.  Accordingly, Neamo's motion to appoint counsel will be denied.

**B. Motion to Dismiss**

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

## C. Title II of the Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A state prison is a "public entity" within the meaning of the ADA, and thus, Title II of the ADA applies to state prisons. *See United States v. Georgia*, 546 U.S. 151, 154 (2006).

Neamo cannot state an ADA claim against the defendants in their individual capacities because Title II of the ADA does not permit individual capacity suits. *See Brown v. Dep't of Public Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 552 (D. Md. 2019) (collecting cases). However, individual defendants can be sued in their official capacities under Title II of the ADA because Congress abrogated Eleventh Amendment immunity in that statute. *See Fauconier v. Clarke*, 966 F.3d 265, 280 (4th Cir. 2020). Such a claim can seek damages in addition to injunctive relief. *See Skinner v. Moyer*, Civil Action No. TDC-17-3262, 2020 WL 1065740, at *12 (D. Md. Mar. 4, 2020) (citing *Georgia*, 546 U.S. at 159). However, in "the context of state prisons, Title II validly abrogates state sovereign immunity and creates a private right of action for damages against the States only for conduct that actually violates the Fourteenth Amendment." *Chase v. Baskerville*, 508 F. Supp. 2d 492, 506 (E.D. Va. 2007) (citing *Georgia*, 546 U.S. at 159); *see also Nat'l Fed. of the Blind of Va. v. Va. Dep't of Corr.*, Civil Action No. 3:23-cv-127-HEH, 2023 WL 6812061, at *11 (E.D. Va. Oct. 16, 2023) (citing *Chase* and *Georgia* and finding that "as far as money damages are concerned under Plaintiffs' ADA claims, the States' sovereign immunity has not been abrogated and Plaintiffs' claims for money damages are barred").

The court agrees with defendants that Neamo has alleged violations of the ADA that do not rise to the level of constitutional violations, including the lack of accommodations for educational programs for sign language, a caretaker, a clock, an alarm, and a 19" television, and flashing alerts and special phones.[1]  Therefore, the court finds that Neamo cannot state an official-capacity damages claim against the individual defendants.  Defendants have not provided any basis, however, for the court to find that Neamo lacks a valid ADA claim against the defendants for injunctive relief in their official capacities.  *See, e.g.*, *Terpening v. McGinty*, No. 1:21-CV-1215 (GTS/CFH), 2022 WL 17418268, at *7 (N.D.N.Y. Oct. 5, 2022) ("[P]rospective injunctive relief may be asserted against individual defendants in their official capacities" under Title II of the ADA) (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).  The court will deny the motion to the extent that it seeks dismissal of such claims.

**D.  Rehabilitation Act**

Like Title II of the ADA, Section 504 of the Rehabilitation Act does not permit individual capacity suits.  *Brown*, 383 F. Supp. 3d at 552.  However, a claim under the Rehabilitation Act can be brought against individuals in their official capacities.  *See Moneyhan v. Keller*, 563 F. App'x 256, 258 (4th Cir. 2014).

Even if allowed to pursue a Rehabilitation Act claim against defendants in their official capacities, a successful claim under the Act requires that a "qualified individual with a disability" shall not be excluded from the participation in any program or activity receiving federal financial assistance "solely by reason of her or his disability."  28 U.S.C. § 794(a).  Thus, the Act requires a plaintiff to demonstrate that a defendant "intentionally discriminated" against him.  *Basta v. Novant Health, Inc.*, No. 1:19cv64, 2019 WL 3310098, at *5 (W.D.N.C. July 23,

---

[1] Neamo has also alleged an Eighth Amendment violation, but for the reasons discussed below, Neamo has not stated a valid Eighth Amendment claim.

2019) (quoting *Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 830 n.9 (4th Cir. 1994)).[2] As noted, Neamo has alleged the lack of certain accommodations at River North, and that River North is not "structurally built" to accommodate hearing and visually impaired inmates (Compl. at 9). These allegations do not rise to the level of intentional discrimination. As plaintiff does not plausibly allege a violation of the Rehabilitation Act claim, this claim will be dismissed.

E. **Eighth Amendment**

"The Eighth Amendment, which prohibits infliction of cruel and unusual punishments, applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). Accordingly, an Eighth Amendment claim arises when "a prison official's act or omission . . . results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To prevail on an Eighth Amendment claim, an inmate must satisfy both an "objective" and a "subjective" component. *Porter*, 923 F.3d at 355. "To satisfy the objective prong, a plaintiff inmate must demonstrate that the deprivation alleged was, objectively, sufficiently serious." *Id.* To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of serious harm resulting from exposure to the challenged conditions." *Id.*

---

[2] This requirement is "significantly dissimilar" from the causation requirement of the ADA. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 n.17 (4th Cir. 2005). An ADA plaintiff need only show that the disability was a "motivating factor." *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461–62 (4th Cir. 2012).

As to the subjective prong, the plaintiff must show "that prison officials acted with deliberate indifference"—specifically, "that the official knew of and disregarded an excessive risk to inmate health or safety." *Id.* at 361. "Deliberate indifference is more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result." *Id.* "A defendant's subjective knowledge can be proven through direct evidence of his actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence that he knew of a substantial risk from the very fact that the risk was obvious." *Gordon v. Schilling*, 937 F.3d 348, 357 (4th Cir. 2019).

The deprivations alleged by plaintiff concerning the lack of requested accommodations, such as larger televisions and educational programs, are not extreme deprivations of basic human needs. *See, e.g.*, *McFadden v. Corpening*, 1:17-cv-304-FDW, 2018 WL 1308143, at *3 (W.D.N.C. Mar. 13, 2018) ("Depriving prisoners of access to radios, newspapers, and television does not constitute an extreme deprivation of the minimum civilized measure of life's necessities that is contemplated by the Eighth Amendment."); *Whisman v. Johnson*, Civil Action No. 7:10-cv-00010, 2010 WL 231356, at *2 (W.D. Va. Jan. 20, 2010) (lack of educational programs is not an "extreme deprivation" that would "satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"). Moreover, Neamo has attempted to impose liability on these defendants based solely on their positions as Director, Warden, and ADA Coordinator at River North. Plaintiff alleges that Clarke, as the Director, is "legally responsible for the overall operation of the Department and each Institution under its jurisdiction including River North," (Compl. at 3), and that Anderson, as the Warden, is "legally responsible for the operation of River North Correctional Center and for the welfare of all the inmates in that

prison" (*id.*).³  Plaintiff has not alleged their personal involvement, which is required to impose liability pursuant to 42 U.S.C. § 1983.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (noting that liability will lie in § 1983 actions only where it is "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights").

For these reasons, the court will grant defendants' motion to dismiss plaintiff's Eighth Amendment claims.

**F.  Motion to Stay Discovery**

Defendants have moved to stay discovery pending the court's ruling on their motion to dismiss.  As the court has now resolved the motion to dismiss, the motion to stay will be denied as moot.

### III.  CONCLUSION

The court will issue an appropriate order granting in part and denying in part defendants' motion to dismiss, denying plaintiff's motion to appoint counsel, and denying as moot defendants' motion to stay.

Entered: March 4, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

³ Neamo alleges that Hamm, the ADA Coordinator, denied requested accommodations (Compl. at 9), but he fails to make any further substantive allegations about Hamm's involvement.