CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

February 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK L. NEAMO,        ) | |
|     Plaintiff,        ) | Civil Action No. 7:23-cv-00109 |
| )| |
| v.        ) | |
| )| By: Elizabeth K. Dillon |
| CHADWICK DOTSON, *et al.*,[1]    ) | Chief United States District Judge |
|     Defendants.        ) | |

**MEMORANDUM OPINION AND ORDER**

Mark L. Neamo, a Virginia inmate proceeding *pro se*, filed this action alleging violations of the Eighth Amendment, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act regarding conditions at River North Correctional Center (River North). Previously, the court dismissed all of plaintiff's claims except for his official capacity claims for injunctive relief under the ADA. (Dkt. Nos. 28, 29.) Defendants now move for summary judgment on that remaining claim. (Dkt. No. 41.) Also before the court is plaintiff's motion for a preliminary injunction concerning conditions at Green Rock Correctional Center (Green Rock). (Dkt. No. 45.) Because Neamo is no longer an inmate at River North, his claims for injunctive relief are rendered moot and must be dismissed. Furthermore, he cannot pursue preliminary injunctive relief for claims that were not asserted in his complaint. Thus, the court will deny his motion for a preliminary injunction.

Neamo's complaint contains allegations that relate only to his incarceration at River North. He alleges that he has hearing and vision impairments and that he suffers from seizures. (Compl. at 4.) He alleges defendants failed to accommodate his disabilities in the following

---

[1] Pursuant to Federal Rule of Civil Procedure 25, Chadwick Dotson, the current Director of the Virginia Department of Corrections, and Rodney Younce, the current Warden of River North Correctional Center, are substituted as defendants for Harold Clarke and David Anderson in their official capacities, respectively.

ways: (1) he wants educational programs for sign language (Compl. at 5, 9); (2) he wants a caretaker (*id.* at 5); (3) he wants a clock, alarm, and 19" television (*id.* at 5, 7–8); and (4) he wants the pod to have flashing alerts and special phones (*id.* at 5–6, 9). In addition to these alleged failures to accommodate, Neamo alleges that VDOC staff advised him that placing a sign on his cell door indicating that he is hearing impaired is all that River North is required to do under the ADA. (*Id.* at 8.) He further claims that River North is not structurally built to house inmates with hearing/visual impairments because it was remodeled in 2013 without flashing alerts, special phones, or special programs. (*Id.* at 9.)

As noted, the only claim or claims remaining in this matter are plaintiff's ADA claims for injunctive relief. In their motion for summary judgment, and in response to Neamo's motion for a preliminary injunction, defendants explain that Neamo is no longer incarcerated at River North and was transferred to Green Rock on November 2, 2023. (*See* Ballard Aff. ¶ 4, Dkt. No. 42-1; *see also* Dkt. No. 33 (notice of change of address).)

First, Neamo is no longer housed at River North. Thus, Neamo no longer has an interest in the outcome of any injunctive relief that would come from a court order as to River North. To pursue injunctive relief, he must have a legally cognizable interest. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2012) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Because of this, his claims for injunctive relief have been rendered moot by his transfer and the claims must be dismissed. *See S.M.B. v. West Va. Reg'l Jail & Corr. Facility Auth.*, CIVIL ACTION NO. 3:17-1300, 2017 WL 4849221, at *2 (S.D.W. Va. Oct. 26, 2017) ("[W]hen a prisoner sues a prison for equitable relief in the Fourth Circuit, that prisoner's claims become moot upon his transfer or discharge from that prison.") (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2017)). While the court will not enter judgment for the defendants, as requested in their

2

motion for summary judgment, it does find, as requested, that the claims are moot and will dismiss them without prejudice.

Second, Neamo's motion for a preliminary injunction will be denied because it relates to the conditions of his incarceration at his new facility, Green Rock, not River North. The basis for the allegations in his complaint were the conditions at River North. To succeed on a motion for preliminary injunction, a plaintiff must "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." *Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). Neamo's motion is unrelated to the conduct described in the complaint; therefore, it cannot provide the basis for a preliminary injunction in this lawsuit. *See Nealson v. Blankenship*, Civil Action No. 7:23-cv-00071, 2023 WL 2776069, at *1 (W.D. Va. Apr. 4, 2023) (denying motion for preliminary injunction because "[t]hese new allegations, while undoubtedly troubling, are not clearly related to the conduct described in the complaint") (citing *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

Accordingly, it is HEREBY ORDERED that defendant's motion for summary judgment (Dkt. No. 41) is GRANTED in part, to the extent it requests dismissal of plaintiff's claims as moot, and DENIED in part, to the extent it requests judgment in favor of defendants, and that plaintiff's motion for a preliminary injunction (Dkt. No. 45) is DENIED. It is FURTHER ORDERED that this matter is DISMISSED WITHOUT PREJUDICE as moot. The Clerk shall STRIKE this matter from the active docket of the court and transmit a copy of this order to plaintiff and to counsel of record for the defendants.

Entered: February 18, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge